Daniel P. SCHWARTZ, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 3209-59.

United States District Court
District of Columbia,

Jan. 27, 1964.

Earl H. Davis, Washington, D. C., for plaintiff.

Judah Best, Asst. U. S. Atty., for defendant.

JONES, District Judge.

FINDINGS OF FACT

This cause came on for trial before the Court and without a jury on November 19, 1963, and the Court having duly considered the evidence presented by the plaintiff, the pleadings filed in this cause, and the stipulated facts set forth in the pre-trial statement, now makes the following findings as provided by Rules 41(b) and 52(a), Federal Rules of Civil Procedure.

1. This is an action against the defendant United States of America for damages for wrongful death brought pursuant to 28 U.S.C. § 1346(b) of the Federal Tort Claims Act.

2. St. Elizabeths Hospital, located in the District of Columbia, is an institution for the treatment of the mentally ill owned and operated by the defendant United States of America.

3. Plaintiff Daniel P. Schwartz is the administrator of the estate of decedent Erika M. Schwartz. Plaintiff Daniel P. Schwartz is also the surviving husband of this decedent.

4. Erika M. Schwartz was admitted to St. Elizabeths Hospital on July 26, 1958 as a District of Columbia voluntary patient pursuant to 32 D.C.Code § 412.

5. Prior to her admission to St. Elizabeths Hospital, Mrs. Schwartz had had a history of mental illness. The hospital records at St. Elizabeths Hospital show and this Court finds as facts that Mrs. Schwartz began psychotherapy in 1952

and 1953 at a time when she was still in her teens. She married in 1955, and in 1956, after becoming pregnant, she began having periods of depression lasting several days. Shortly after the birth of her baby in 1956, she drank cleaning fluid and was sent to George Washington University Hospital where she stayed some three weeks. After returning home in late 1956, she began to have recurrent feelings of depression and was re-hospitalized at George Washington University Hospital for a brief period of time, this hospitalization terminating in January of 1957. Subsequent to this hospitalization, Mrs. Schwartz resumed psychotherapy privately, but her disability, anxiety, depressed feelings, and inability to care for her home and child increased to the extent that she was admitted at St. Elizabeths Hospital on a voluntary basis at the suggestion of her doctor. At a diagnostic conference at St. Elizabeths in September of 1958, the patient's illness was diagnosed as psychoneurotic reaction, depressive reaction. During the period of her hospitalization at St. Elizabeths Hospital, Mrs. Schwartz, according to the testimony of plaintiff's own witness, Dr. Lanham, was afforded the following treatment:

a. Intensive individual psychotherapy;

b. An opportunity to participate in group therapy upon her ward;

c. Periodic personal interviews between the patient and Dr. Lanham, a qualified psychiatrist who was then staff psychiatrist at St. Elizabeths in charge of this patient's ward;

d. Use of drugs and other medical aids as required.

6. In July of 1959, Mrs. Schwartz, as a patient at St. Elizabeths Hospital received ground privileges from 9:00 A.M. until 5:00 P.M. These privileges continued until September 11, 1959, on which date she did not return to her ward. On September 21, 1959, the patient, Erika M. Schwartz, was found hanging by the neck from a tree situated in a wooded area on the hospital grounds. She was pronounced dead at that time.

7. Plaintiff contends that defendant's hospital was negligent in its care and supervision of the deceased patient, and, further, that the hospital was negligent in that it failed to locate Mrs. Schwartz once she had disappeared. A review of plaintiff's evidence reveals that plaintiff is unable to demonstrate either negligence on the part of the medical staff of St. Elizabeths Hospital in their treatment of the deceased patient or negligence in the administrative supervision of the patient.

8. During the period of her hospitalization at St. Elizabeths Hospital, this patient was assigned to an intensive treatment service, the Dorothea Lynde Dix Pavillion. During the period of the patient's residence at the hospital, there were approximately 7,000 patients receiving psychiatric care at St. Elizabeths. 60 or 70 of such patients were receiving individual intensive psychotherapy and Mrs. Schwartz was one of them.

9. Plaintiff's own witness, Dr. Lanham, testified that this Court finds as facts that when a patient at St. Elizabeths Hospital is granted ground privileges such as those granted to Mrs. Schwartz the patient is allowed freedom of the hospital grounds unaccompanied by administrative personnel and that such ground privileges were granted to this patient by Dr. David W. Harris, a qualified staff psychiatrist who was then in charge of Dix Service. The Court finds that ground privileges may only be accorded to patients at St. Elizabeths Hospital by a qualified staff psychiatrist and that such a determination constitutes a medical judgment.

10. The records of St. Elizabeths Hospital, which have been introduced into evidence by plaintiff, demonstrate that the patient, Erika M. Schwartz, was placed on suicidal precaution either two or three times during the course of her stay at the hospital. However, Dr. Lanham testified, and this Court finds as a fact pursuant to that testimony, that this patient never manifested a suicidal attempt or gesture while physically at the hospital. Instead, these attempts occur-

red while the patient was on brief weekend home visits with her family.

The Doctor testified and this Court finds as facts that at no time while Mrs. Schwartz was in his charge at Dix Pavillion was she ever chained to her bed or placed under similar strict supervision; that in the light of Mrs. Schwartz's illness, it was medically imperative that she be afforded as much responsibility as possible in hopes of rehabilitating her to the extent that she could exist once again outside the controlled environment of the hospital; and that the grant of ground privileges to this patient was a part of her continuing therapy.

11. Plaintiff's evidence demonstrates and this Court finds as facts that St. Elizabeths Hospital spent many hours attemping to locate this patient once she had disappeared. The patient was reported missing at the Dix Service sometime before 9:00 P.M., September 11, 1959. Hospital personnel searched the grounds at that time. At about 12:15 A.M., September 12, 1959, Sergeant McDaniel, of the St. Elizabeths Guard Force, met Mr. Ernst, brother of the deceased who had been informed that she was missing and who joined in the search. Special attention was paid to the wooded area behind the Geriatric Building where the patient's body was ultimately found. This search on September 12, 1959 took approximately two hours. On September 13, 1959, Mr. Earl Hitch, a member of the Hospital Guard Force, searched from 12:15 P.M. to 3:30 P.M. in the wooded area on the east side of the hospital grounds. Between September 14, and September 20, 1959, approximately ten and one-half hours were spent by various members of the Guard Force in searching for the patient on the hospital grounds.

12. Based on all of the facts, the Court is unable to find that the administrative steps taken by the hospital to locate the patient after her disappearance were unreasonable under the circumstances.

13. The evidence adduced by plaintiff demonstrates, and the Court finds as a fact pursuant to that evidence, that the course of treatment established for Erika M. Schwartz at St. Elizabeths Hospital during the period of her residence, dating from July of 1958 until September of 1959, involved a series of medical judgments, such as instituting a program of intensive individual psychotherapy, according the patient freedom of the grounds, allowing the patient to retain personal articles of clothing while she was unaccompanied on the grounds of the hospital, and the like. Plaintiff has been unable to show that these medical judgments, all of which were rendered by qualified staff psychiatrists in the performance of their duties at St. Elizabeths Hospital, were not rendered with the degree of skill and learning ordinarily possessed and exercised by psychiatrists in the District of Columbia area at that time. Indeed, plaintiff's claim of departure from accepted standards of medical practice is not supported by evidence on that issue delineating the alleged correct procedure. The Court further finds that far from plaintiff adducing any evidence of this nature, his own witness, Dr. Lanham, stated that in his opinion, granting this patient ground privileges in July of 1959 constituted good medical practice.

14. Plaintiff is unable to sustain his burden of proof of negligence on the part of defendant, its hospital or the hospital employees.

CONCLUSIONS OF LAW

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b).

2. All medical treatment accorded to the deceased patient, Erika M. Schwartz, during the period of her residence at St. Elizabeths Hospital was rendered by qualified medical personnel acting within the scope of their authority.

3. Viewing the facts in the light most favorable to plaintiff, plaintiff has been unable to establish a *prima facie* case of negligence or any wrongful act or omission on the part of defendant or

its authorized representatives within the meaning of 28 U.S.C. § 1346(b).

4. The defendant United States of America is not an insurer for loss or damage in actions brought under the Federal Tort Claims Act.

5. Looking at the facts in the light most favorable to plaintiff, plaintiff has been unable to establish that the medical care afforded Erika M. Schwartz at St. Elizabeths Hospital departed from the standard of skill and learning ordinarily possessed and exercised by members of the medical profession in the same line of practice in this locality.

6. Upon the facts and the law, plaintiff has shown no right to relief and defendant's motion to dismiss made pursuant to 41(b) of the Federal Rules of Civil Procedure should be granted.

7. The plaintiff should take nothing by his complaint and the United States of America is entitled to a judgment of dismissal on the merits.